UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UWANA DAVIS,

    Plaintiff,

CASE NO.:

v.

JURY TRIAL DEMANDED

ALLIED INTERSTATE LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Uwana Davis, by and through the undersigned counsel, files suit against Allied Interstate LLC, and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Pinellas County, Florida.

## PARTIES

4. Plaintiff, Uwana Davis ("Mr. Davis" or "Plaintiff"), is a natural person who resides in Pinellas, Florida. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), with a "consumer debt" under 15 U.S.C. § 1692a(5) and Fla Stat. § 559.55(6), and is a "person" under 47 U.S.C. § 227.

5. Defendant, Allied Interstate LLC, ("Allied" or "Defendant"), is organized in Minnesota, does business in the State of Florida, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(5), and is a "person" under 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8. Beginning in approximately 2013, Mr. Davis began to receive collection calls from Allied to his cell phone attempting to collect a debt (the "Alleged Debt").

9. In October 2016, Mr. Davis answered a call from Allied to his cell phone. Mr. Davis told the representative from Allied that he was unable to pay the Alleged Debt and told Allied to stop calling.

2

10. Despite being informed that Mr. Davis could not pay the Alleged Debt and despite Mr. Davis' cease and desist request, Allied continued to make at least five collection calls to Mr. Davis' cell phone each day, three to four days each week.

11. Mr. Davis knew it was Allied was calling because when Mr. Davis did not answer the phone, representatives from Allied left voicemails on his cell phone identifying themselves as representatives from Allied.

12. Allied placed the calls to Mr. Davis' cell phone using an automatic telephone dialing system. This was evidenced by the fact that when Mr. Davis answered a call from Allied to his cell phone, he heard beeps and pauses before a live representative appeared on the line.

13. Despite Mr. Davis' cease and desist request, Allied continues to make collection calls to Mr. Davis' cell phone through the present.

14. Defendant's conduct constitutes violations of the FDCPA, the FCCPA, and the TCPA.

## COUNT I

### VIOLATION OF THE FDCPA BY DEFENDANT ALLIED

15. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq.*

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth herein.

17. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

18. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

19. Defendant, communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

20. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

21. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

22. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

23. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATIONS OF THE FCCPA BY DEFENDANT ALLIED

24. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

25. Plaintiff re-alleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

26. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

27. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) ... assert the existence of some other legal right when such person knows that the right does not exist.

28. Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

29. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

30. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

31. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

32. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATIONS OF THE TCPA BY DEFENDANT ALLIED

33. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

34. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth herein.

35. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

36. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

37. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

38. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

39. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

40. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

41. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: July 3, 2017

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**PAMELA N. WESTFALL, ESQ.**
Florida Bar No. 106230
e-mail: pwestfall@centroneshrader.com
Attorneys for Plaintiff